# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:11-CR-21

**UNITED STATES**                                                                                   **PLAINTIFF**

**V.**

**JENNIFER BOUNDS**                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on appeal from the United States District Court Western District of Kentucky Fort Campbell Division. Jennifer Bounds appeals from proceedings before the magistrate judge which concluded in a guilty verdict for failing to obey a traffic control device and a fine. Defendant Bounds did not file a brief in support of her appeal. The Government did file a Response to Defendant's Notice of Appeal (DN 6).

## BACKGROUND

On February 4, 2011, Defendant Bounds was pulled over by Specialist Ryan Mick, a military police officer, for failing to stop at a stop sign at 59th and Morgan Road on the Kentucky side of Ft. Campbell. Although Defendant Bounds denied that she had run the stop sign, she was issued a citation.

Defendant Bounds appeared in court on April 7, 2011 and plead not guilty to the charge of failure to obey a traffic control device under KRS 189.231, assimilated by 18 U.S.C. § 13. At that time, Magistrate Judge David King told Defendant Bounds to return on June 2, 2011 for trial.

In her *pro se* notice of appeal, Defendant Bounds contends that she went to the courthouse and spoke with a staff member regarding changing her trial date to allow her to be

with her husband in Oregon during his Rest and Recuperation (R&R) from his military deployment in Afghanistan.[1] The staff member told her that "she had to see if it could be extended and a new notice would be mailed." Notice of Appeal at 2.

On June 22, 2011, Defendant Bounds did not appear for trial. Defendant Bounds had signed a Rule 43 waiver agreeing to have a trial and sentencing in her absence upon her failure to appear. Therefore, Judge King held a bench trial in her absence. At the conclusion of the bench trial, Judge King entered a judgment of guilty and a fine of $100, plus $5 special assessment and a $25 processing fee for a total obligation of $130.

On June 30, 2011, Defendant Bounds received notice of the guilty verdict and the fine. Defendant Bounds then returned to the court house and spoke with the same staff member she spoke to about changing her court date. The staff member told her that she was supposed to call about a new trial date, but Defendant Bounds does not recall the staff member telling her to call. The staff member told her to appear on July 13, 2011 to speak with the judge. On July 13, the judge told Defendant Bounds she could appeal her case.

## STANDARD

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Under Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed.R.Crim.P. 58(g)(2)(B). "The scope of the appeal is the same as an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D). The district court may consider the original papers, exhibits, recording of the proceedings, and certified copies of docket entries. Fed.R.Crim.P. 58(g)(2)(C).

---

[1] Due to costs, Defendant's husband took his R&R in Tennessee.

Under Federal Rule of Criminal Procedure 43, a defendant must be present at every trial stage including the return of the verdict and sentencing. Fed. R. Crim. P. 43(a). However, a defendant need not be present if the offense is a misdemeanor, the defendant consents in writing, and the court permits trial and sentencing to occur in the defendant's absence. Id. at 43(b).

## DISCUSSION

The Court first notes that Defendant did not file her notice of appeal until July 27, 2011, well past the 14-day deadline for appealing the magistrate judge's judgment of conviction. Additionally, Defendant did not file a brief in support of her appeal. Despite these procedural shortcomings, the Court will review the basis of Defendant's appeals as laid out in her notice of appeal.

The crux of Defendant's claim on appeal is that she was not able to present her defense because she was not provided notice of her court date. However, Defendant admitted she was told by Judge King to appear for trial on June 22, 2011. When Defendant sought to change the trial date, she was told that the staff member would have to see about changing the date and that a new notice would need be mailed. Defendant Bounds never received a new notice that her trial date had been changed. Therefore, the June 22, 2011 trial date remained in place and Defendant failed to appear for trial. Because Defendant Bounds waived her Rule 43 right in the event she failed to appear for trial[2], the magistrate judge did not abuse his discretion in conducting a bench trial in her absence.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the judgment of Magistrate Judge King is AFFIRMED and this appeal is DISMISSED.

---

[2] In her notice of appeal, Defendant does not dispute the validity of the waiver.